IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. 1:14-cr-10036-JDB-1

DERRICK DEBOSE,

    Defendant.

_____

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018
_____

In a pro se filing dated February 25, 2019, the Defendant, Derrick DeBose, sought relief pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 59.) In accordance with an order of the Court, the Government responded on June 19, 2019. (D.E. 63.) The matter is now ripe for review.

The Defendant was indicted in this district on April 21, 2014, for various drug offenses, including, in Count 2, possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (D.E. 2.) The charged offense from which Count 2 arose occurred on or about August 24, 2013. Pursuant to a guilty plea to Count 2, he was sentenced on June 11, 2015, to 120 months' incarceration, to be followed by three years of supervised release. (D.E. 42.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222.

The crime for which DuBose was convicted occurred after August 3, 2010; thus, it is not a "covered offense" for FSA purposes. *See Valdez Hernandez v. FCI La Tuna*, EP-19-CV-112-PRM, 2019 WL 1925897, at *1-3 (W.D. Tex. Apr. 30, 2019) (because defendant's conviction was for an offense committed after August 3, 2010, it was not a covered offense under the FSA). As the statute provides Defendant no relief, his motion is DENIED.

IT IS SO ORDERED this 21st day of August 2019.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE