IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. 1:14-cr-10036-JDB-1

DERRICK DUBOSE,

    Defendant.

_____

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE
_____

    In an order entered July 14, 2020, the Court denied the pro se motion of the Defendant, Derrick Dubose, for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for failure to exhaust administrative remedies.  (Docket Entry ("D.E.") 67.)  On August 10, 2020, the Court denied his motion for appointment of counsel.  (D.E. 69.)  On the Court's docket is a letter from the Defendant, which the Court construes as a second compassionate release motion.  (D.E. 70).

    As the Court explained to the Defendant in its July 14 order, an inmate may move for § 3582(c)(1)(A) relief after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  According to the record, Defendant submitted a Request for Administrative Remedy form to the warden of the prison facility in which he is housed for § 3582(c)(1)(A) relief on May 26, 2020.  (D.E. 70-3.)  The warden rejected the request on procedural grounds, without addressing the merits, on June 11, 2020.  (D.E. 68-2.)  On June 23, 2020, Dubose completed a Documentation of Informal Resolution Attempt form requesting compassionate

1

release.  (D.E. 70-2.)  At the bottom of the form, his counselor wrote that he "need[ed] to make [his] request in accordance with [BOP] Program Statement 5050.50."  (*Id.*)  Based on its review of these documents, it appears to the Court that the warden has not yet received a proper request for relief from the Defendant.  Thus, it can only find that he has again failed to exhaust his administrative remedies.

While the Court understands Defendant's apprehension with respect to the virus, § 3582(c)(1)(A) requires exhaustion of administrative remedies within the prison prior to petitioning the Court.  *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  That exhaustion entails compliance with BOP procedures for internal requests for relief.  As the Court suggested in its August 10 order, Defendant is encouraged to reach out to his case manager or a counselor for guidance in achieving such compliance.

The Clerk is DIRECTED to mail a copy of this order to the Defendant at the prison facility listed on the docket.

IT IS SO ORDERED this 12th day of November 2020.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE